J-S39022-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MARK A. GNACINSKI, JR. | |
| Appellant | No. 1768 WDA 2013 |

Appeal from the Judgment of Sentence of October 4, 2013
In the Court of Common Pleas of Erie County
Criminal Division at No.: CP-25-CR-0001036-2012

BEFORE:  BENDER, P.J., WECHT, J., and PLATT, J.[*]

MEMORANDUM BY WECHT, J.:                      **FILED JULY 31, 2014**

Mark Gnacinski, Jr., appeals his October 4, 2013 judgment of sentence.  He challenges the trial court's refusal to instruct the jury regarding his entrapment defense, and he contests discretionary aspects of the sentence imposed upon him.  Gnacinski's attorney, Darrel J. Vandeveld, Esq., has filed a petition to withdraw as counsel, together with an "***Anders/Santiago*** brief."[1]  We find that Mr. Vandeveld has satisfied the ***Anders/Santiago*** requirements and that Gnacinski has no meritorious

_____

[*]     Retired Senior Judge assigned to the Superior Court.

[1]     *See **Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349, 361 (Pa. 2009).

issues to pursue on appeal. Consequently, we grant Mr. Vandeveld's petition to withdraw[2] and affirm Gnacinski's judgment of sentence.

The procedural history,[3] as set forth by ***Anders/Santiago*** counsel and as supported by the record, is as follows:

> On July 26, 2013, a jury found [Gnacinski] guilty of receiving stolen property, [18 Pa.C.S. § 3925]; the jury found [Gnacinski] not guilty of the second count alleged in the information, and the trial court subsequently declared a mistrial on the remaining four counts. The Commonwealth later declined to prosecute [Gnacinski] on the remaining counts, and on October 4, 2013, [the trial court] sentenced [Gnacinski] to a term of nine to 20 months of incarceration, to be followed by 24 months of probation.[[4]]
>
> On October 10, 2013, [Gnacinski] filed a [counseled] motion to modify his sentence . . .; the principal claim he advanced in his motion was that his trial defense counsel was ineffective. The

---

[2]    On July 14, 2014, during the pendency of this appeal, Emily Mosco Merski, Esq., an attorney in private practice, filed a petition to withdraw as counsel, citing the fact that Gnacinski presently is represented by the Erie County Public Defender, and contending that, consequently, Gnacinski will in no way be disadvantaged by her withdrawal. Mr. Vandeveld is among three assistant public defenders who have been involved in this matter. Wayne Johnson, Esq., filed the notice of appeal in this case. Later, after Mr. Vandeveld entered his appearance on Gnacinski's behalf, Nicole Sloane, Esq., another assistant public defender, entered her appearance. Ms. Merski certainly is correct that Gnacinski is represented by the office of the Erie County Public Defender. Consequently, we can discern no basis to compel Ms. Merski to continue as, in effect, extra counsel for Gnacinski. Consequently, we grant Ms. Merski's petition to withdraw as counsel for Gnacinski.

[3]    The underlying factual background is immaterial to our disposition.

[4]    The sentencing order authorized work release.

- 2 -

trial court denied the motion without comment the following day. On November 1, 2013, [Gnacinski] filed the instant appeal.

On November 20, 2013, trial defense counsel for [Gnacinski], attorney Wayne Johnson, Jr., filed a statement of intent to file an [**Anders/Santiago**] brief,[5] noting that [Gnacinski's] primary claim of error involved allegations of ineffectiveness in the conduct of [Gnacinski's] defense. . . . Mr. Johnson also averred that he had undertaken the requisite review of [Gnacinski's] claims and the case record, and found there to be no non-frivolous issues. Likewise, the undersigned [*i.e.*, Mr. Vandeveld] has undertaken an exhaustive review of the documents that exist in this case, the potential issues that might have been presented for appeal, considered conscientiously and comprehensively the facts and the law applicable to [this case], and has concluded in the best exercise of his professional judgment[] that the issues raised by [Gnacinski] sound more properly in collateral claims of ineffective assistance of counsel, and has therefore elected to follow the [**Anders/Santiago**] procedure as well.

Brief for Gnacinski at 8-9.

Consistently with the above account, Mr. Vandeveld presents and discusses the following issues for our consideration:

1. Whether the trial court erred in refusing to instruct the jury that the affirmative defense of entrapment applied to the sole count for which the jury convicted [Gnacinski], Receiving Stolen Property . . . ?

2. Whether the trial court erred in denying [Gnacinski's] request to allow [him] to remain in Erie County Prison or release him for some indefinite period for medical treatment?

_____

5 Because trial counsel filed a statement signaling his intent to proceed under **Anders** and **Santiago** in lieu of a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), the trial court did not file a Rule 1925(a) opinion.

Brief for Gnacinski at 7.

As noted, Mr. Vandeveld has filed an *Anders/Santiago* brief and a corresponding petition to withdraw as counsel, asserting that Gnacinski has no non-frivolous issues to pursue on direct appeal. This Court first must pass upon counsel's petition to withdraw before reviewing the merits of the any potential issues that Gnacinski might present on appeal. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*). Prior to withdrawing as counsel under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. Pursuant thereto, the brief must provide the following information:

(1)   a summary of the procedural history and facts, with citations to the record;

(2)   reference to anything in the record that counsel believes arguably supports the appeal;

(3)   counsel's conclusion that the appeal is frivolous; and

(4)   counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Santiago*, 978 A.2d at 361.

Counsel also must provide a copy of the *Anders* brief to his client. Attending the brief must be a letter that advises the client of his rights to "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court's

attention in addition to the points raised by counsel in the *Anders* brief." *Commonwealth v. Nischan*, 928 A.2d 349, 353 (Pa. Super. 2007); *see Commonwealth v. Daniels*, 999 A.2d 590, 594 (Pa. Super. 2010). Finally, to facilitate our review of counsel's satisfaction of his obligations, he must attach to his petition to withdraw the letter he transmitted to his client. *See Commonwealth v. Millisock*, 873 A.2d 748, 752 (Pa. Super. 2005).

Our review of Mr. Vandeveld's petition to withdraw and the accompanying brief demonstrates that he has complied with the *Anders/Santiago* requirements. Counsel has provided a procedural history detailing the events relevant to this appeal. Brief for Gnacinski at 8-9. Mr. Vandeveld has set forth two issues for consideration, and evaluated those issues' respective justiciability and merit. *Id.* at 10-12. Furthermore, Mr. Vandeveld has addressed the requirements of Pa.R.A.P. 2119(f) relative to the sentencing issue, thus recognizing that Gnacinski must establish a substantial question regarding the challenged discretionary aspect of his sentence in order to obtain review of the merits of that issue. *Id.* at 9-10. Finally, after analyzing each issue on its own terms, Mr. Vandeveld has provided a separate section, entitled "Santiago argument," wherein he details his reasons for determining that both of the above-stated issues are frivolous. *Id.* at 13-14. Mr. Vandeveld also has sent Gnacinski a letter informing him that he has identified no meritorious issues to pursue on appeal and has filed an application to withdraw from Gnacinski's representation, and that Gnacinski may find new counsel or proceed *pro se*.

Mr. Vandeveld has attached the letter to his petition to withdraw, as required by **Millisock**, *supra*. **See** Petition for Leave to Withdraw as Counsel, 3/28/2014, attachment (letter dated 3/27/2014). Accordingly, counsel has complied with **Anders/Santiago**'s technical requirements.

In response to Mr. Vandeveld's brief and petition, Gnacinski has filed a *pro se* "Brief for Appellant" (hereinafter "*Pro Se* Brief for Gnacinski"), wherein he presses the entrapment issue that Mr. Vandeveld deemed to be frivolous. He presents the issue in two questions:

> 1. Whether the trial court erred in letting the decision go to the jury instead of ruling Entrapment as a matter of law?
>
> 2. Whether the trial court erred in refusing to instruct the jury that the affirmative defense of Entrapment applied to the count for which the jury convicted [Gnacinski], Receiving Stolen Property . . . .

*Pro Se* Brief for Gnacinski at 6. However, his arguments in support of these issues is conclusory. **See id.** at 8-9.

Having passed upon the procedural requirements under **Anders** and **Santiago**, we now must conduct an independent review of the record to determine whether, as Mr. Vandeveld claims, this appeal is wholly frivolous, or if there are meritorious issues for Gnacinski to pursue before this Court. **Santiago**, 978 A.2d at 355 (quoting **Anders**, 386 U.S. at 744) ("[T]he court – not counsel – then proceeds, after a full examination of all the proceedings, to decide whether the case is wholly frivolous. If it so finds it

- 6 -

may grant counsel's request to withdraw . . . .").  We begin with the issues presented by Mr. Vandeveld.

With regard to all entrapment issues, Mr. Vandeveld provides the following analysis:

> As to the trial court's refusal to instruct the jury, both initially and during deliberations, that the affirmative defense of entrapment applies to receiving stolen property charges . . ., trial defense counsel failed to object to the court's initial refusal to give the instruction and did not object when the trial court expressly stated its intention to instruct the jury in response to the jury's inquiry during deliberations that the entrapment defense did not apply to receiving stolen property.  The claim on appeal was thus waived.

Brief for Gnacinski at 13 (citing **Commonwealth v. Hodge**, 411 A.2d 503, 506 n.8 (Pa. Super. 1979)) (citations to the record omitted) ("[F]ailure to object to the [jury] instructions at trial constitute a waiver of that claim.").

In point of fact, the trial court charged the jury regarding entrapment, but expressly indicated to the jury that the defense of entrapment would not apply to the charge of receiving stolen property, the only charge of which Gnacinski ultimately was convicted.  Notes of Testimony—Afternoon Session, 7/24/2013, at 101-05.  Gnacinski raised no contemporaneous objection.  During deliberations, the jury asked the court the following question:  "If we consider entrapment, do we not consider any other charge, or can we pick and choose the charges."  Notes of Testimony, 7/25/2013, at 2.  In a discussion with counsel, the trial court indicated that it would respond as follows:

> [E]ntrapment, if established by a preponderance of the evidence, is a defense to all the charges except the receiving stolen property charge.
>
> Now, I mentioned that to counsel earlier and I want to explain my answer there. Receiving stolen property is a continuing offense. It does not appear that even if they found entrapment that would have anything to do with the receiving stolen property.[6] But I do believe it would be applicable; that is, entrapment, to the other charges.

*Id.* at 2-3. Neither party objected to the trial court's proposed answer.

Although Gnacinski pursues this issue further in his *pro se* brief, he does not address Mr. Vandeveld's conclusion that any challenge to the trial court's failure to instruct the jury that entrapment applied to his charge of receiving stolen property was waived due to trial counsel's failure to raise a contemporaneous objection to the jury instructions or the court's answer to the jury's mid-deliberation inquiry on the same topic.[7] Based upon our

_____

[6] Our research has not disclosed any authority to this effect. However, because we agree with counsel that Gnacinski failed to preserve the issue at trial, whether such a principle applies (or should apply) under Pennsylvania law is immaterial.

[7] Gnacinski appears to present the issue that the trial court should have directed his acquittal of all charges as a matter of law, based upon his entrapment defense. Gnacinski aptly cites **Commonwealth v. Medley**, 725 A.2d 1225 (Pa. Super. 1999), for the proposition that the court may direct a verdict of acquittal based upon entrapment when there is no dispute as to the operative facts relating to the defense, and the undisputed evidence points only to the conclusion that entrapment should be found as a matter of law. **See** *Pro se* Brief for Gnacinski at 8-9; **see also Medley**, 725 A.2d at 1227. However, in applying **Medley** to the instant case, Gnacinski offers only the bald assertion that "there was no dispute of the operative facts, and no reasonable jury could fail to find entrapment if properly instructed." *Pro se* Brief for Gnacinski at 8-9. Absent a more developed argument supported
*(Footnote Continued Next Page)*

review of the record, we agree that at no time did trial counsel preserve any such objection. Accordingly, we may not consider that unpreserved issue on direct appeal.[8]

This leaves only the sentencing issue proposed by Mr. Vandeveld, which Gnacinski does not address in his *pro se* brief. Mr. Vandeveld suggested that Gnacinski might raise the argument that the trial court should have sentenced Gnacinski to probation rather than total confinement due to Gnacinski's health problems, in effect a claim that the sentence was manifestly excessive under the circumstances of this case.

A claim of manifest excessiveness implicates the discretionary aspects of Gnacinski's sentence. **Commonwealth v. Boyer**, 856 A.2d 149, 151-52 (Pa. Super. 2004). We review challenges to the discretionary aspects of sentence for an abuse of the trial court's discretion.

> Discretion is abused when the course pursued by the trial court represents not merely an error of judgment, but where the judgment is manifestly unreasonable or where the law is not

*(Footnote Continued)* ———————————

by references to the record and on-point legal authority, we are constrained to find that this issue is waived. **See** Pa.R.A.P. 2119; **Commonwealth v. Williams**, 959 A.2d 1252, 1258 (Pa. Super. 2008).

[8]    Our conclusion does not prejudice Gnacinski's prerogative to present this issue at a later date under the auspices of the Post-Conviction Relief Act, 42 Pa.C.S. §§ 9541, *et seq.*, as one implicating the constitutional effectiveness of trial counsel. However, ordinarily, and under these circumstances, we may not consider challenges to the effectiveness of counsel on direct appeal. **See Commonwealth v. Padilla**, 80 A.3d 1238, 1272 (Pa. 2013).

applied or where the record shows that the action is a result of partiality, prejudice, bias or ill will.

***Commonwealth v. Archer***, 722 A.2d 203, 211 (Pa. Super. 1998)

(citations, internal quotation marks, and brackets omitted).

Challenges to the discretionary aspects of sentencing do not guarantee an appeal as of right. ***Commonwealth v. Sierra***, 752 A.2d 910, 912 (Pa. Super. 2000). An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:

[W]e conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, ***see*** Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, ***see*** Pa.R.Crim.P. 720; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006), *appeal denied*, 909 A.2d 303 (Pa. 2006) (citations omitted).

When appealing the discretionary aspects of a sentence, an appellant must invoke this Court's jurisdiction by including in his brief a separate concise statement demonstrating a substantial question as to the appropriateness of the sentence under the Sentencing Code. Pa.R.A.P. 2119(f); ***Commonwealth v. Mouzon***, 812 A.2d 617 (Pa. 2002). The concise statement must indicate "where the sentence falls in relation to the sentencing guidelines and what particular provision of the code it violates." ***Commonwealth v. Kiesel***, 854 A.2d 530, 532 (Pa. Super. 2004) (quoting ***Commonwealth v. Goggins***, 748 A.2d 721, 727 (Pa. Super.), *appeal denied,* 759 A.2d 920 (Pa. 2000)).

The determination of what constitutes a substantial question must be evaluated on a case-by-case basis. ***Commonwealth v. Paul***, 925 A.2d 825 (Pa. Super. 2007). A substantial question exists "only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary

to the fundamental norms which underlie the sentencing process." **Sierra**, *supra* at 912-13.

**Commonwealth v. Prisk**, 13 A.3d 526, 532-33 (Pa. Super. 2011) (citations modified; bracketed modifications in **Prisk**).

Mr. Vandeveld duly has presented the issue in technical compliance with the above-stated standard. In his Rule 2119(f) statement, he presents what he understands to be Gnacinski's sole argument: Gnacinski contends that the trial court abused its discretion by declining to release Gnacinski for medical treatment for tumors and hepatitis C. Brief for Gnacinski at 10. Mr. Vandeveld observes that this was the sole sentencing challenge presented by Gnacinski in his *pro se* motion to modify sentence. By way of providing more detail, the motion specifically averred that Gnacinski sought a sentencing modification "until further medical procedures are complete. [Gnacinski] had [a] large tumor removed from [his] back on October 7, 2013[,] and needs [his] stitches removed [on] October 21, 2013[,] and another tumor removed at this time." Motion for Sentence Modification, 10/10/2013. Regarding Hepatitis C, Gnacinski averred that he was then "seeking medical advice from [a physician at] the Cleveland Clinic for this disease and is receiving treatment and medical procedures from Dr. Kang of Erie, [Pennsylvania,] for removal of multiple massive tumors throughout his body." **Id.** Thus, Gnacinski "respectfully but vociferously demand[ed] a sentencing modification of home monitor or delayed sentencing until his medical treatments [are] complete." **Id.**

In ***Commonwealth v. Ladamus***, 896 A.2d 592 (Pa. Super. 2006), the defendant sought a reduction in his guideline-minimum sentence based upon his own medical condition and his status as the primary caregiver for his mother. We found that the defendant had failed to present a substantial question. First, we rejected as insufficient the defendant's bald allegation of excessiveness, because the defendant failed to explain how his sentence violated a fundamental norm of the Sentencing Code. ***Id.*** at 596. We also held generally that the specific challenges raised – including the allegation that it was an abuse of discretion for the trial court not to reduce the defendant's sentence due to his medical issues – simply did not present a substantial question.

We find that the same principle applies in the instant case. First, it appears that at least one of the specific concerns expressed by Gnacinski – the removal of his stitches – has been mooted by the passage of time. Second, while it is beyond cavil that the Eighth Amendment to the United States Constitution requires that prisoners be provided adequate medical care, ***see Neely v. Dep't of Corrs.***, 838 A.2d 16, 20 (Pa. Cmwlth. 2003), we are unaware of any authority entitling a defendant sentenced to total confinement to continue receiving medical treatment from the provider or providers of his choice.

In ***Commonwealth v. Dunlavey***, 805 A.2d 562 (Pa. Super. 2002), we addressed a post-imprisonment motion for a modification of sentence from confinement to probation to facilitate treatment of a serious illness, as

then provided for by 61 P.S. § 81.[9]  Section 81 provided that, upon an

adequate showing of illness and necessity, a prisoner could be removed from

a penal institution for purposes of obtaining medical care.  We held that the

statute applied only to inmates who become seriously ill while in prison.

*Dunlavey*, 805 A.2d at 563-64.  We further held that, in order to obtain

relief, the inmate "must allege that it is necessary for [him] to leave prison

because the prison is unable to provide adequate medical care."  *Id.* at 564.

Although *Dunlavey* differed from the instant case in its procedural

posture and its factual circumstances, the principle remains clear that a

convicted, sentenced, and incarcerated inmate is entitled only to adequate

medical care, not the medical care of the prisoner's choice.  In the case *sub*

*judice*, Gnacinski at no time alleged that institutional medical providers

would be unable to meet his medical needs.[10]  Consequently, we find that

_____

[9]  Section 81 since has been repealed and replaced.  *See* Act of Aug. 11, 2009, P.L. 147, No. 33, § 4 (effective Oct. 13, 2009).  Although the revision materially altered the standard of proof by which a prisoner may establish a basis for removal for purposes of medical treatment, *see Commonwealth v. Folk*, 40 A.3d 169, 172 (Pa. Super. 2012), the distinction does not bear on our analysis in the context of this case.

[10]  On July 14, 2014, during the pendency of this appeal, Gnacinski filed *pro se* a "Motion to Stay Proceedings."  Therein, along with various vague allegations of counsel's ineffective representation – a topic best suited to the context of a petition for collateral relief under the PCRA, as explained *supra* – Gnacinski alleges that he "suffers from Hepatitis C and some form of cancer, and the D.O.C. will not provide treatment for either."  Motion to Stay Proceedings, 7/14/2014, at 1.  As a general rule, this Court will not consider *pro se* filings from parties who are represented by counsel, a circumstance our Supreme Court has described as "hybrid representation."
*(Footnote Continued Next Page)*

Gnacinski failed to present a substantial question. *See Ladamus*, *supra*. Moreover, even assuming *arguendo* that he presented such a question, the record would not support a finding that the trial court abused its discretion in refusing to grant Gnacinski the sentencing modification he requested.

We have conducted an independent review of the trial record in this case and confirmed Mr. Vandeveld's assessment: There are no non-frivolous issues that Gnacinski may raise on direct appeal.

---

*(Footnote Continued)*

*See Commonwealth v. Jette*, 23 A.3d 1032, 1044-45 (Pa. 2011); *Commonwealth v. Ellis*, 626 A.2d 1137, 1140-41 (Pa. 1993). Ordinarily, the proper practice is to refer the *pro se* filing to counsel of record, and to take no further action on the *pro se* submission unless counsel forwards a motion. *Jette*, 23 A.3d at 1044. Furthermore, our Supreme Court has held that once a counseled brief has been filed, "any right to insist upon self-representation has expired." *Id.*

In the *Anders/Santiago* context, however, counsel constructively disclaims the obligation to advocate on behalf of his client. Notably, the *Anders/Santiago* procedure allows and indeed invites the appellant to file a *pro se* brief in opposition to counsel's petition to withdraw and counsel's conclusion that no non-frivolous appeal will lie. Accordingly, we will assume *arguendo* that we may review Gnacinski's Motion to Stay Proceedings on its merits. Nonetheless, we find that this motion merely rehashes Gnacinski's prior *pro se* allegations of inadequate medical care, which, taken as a whole, do not change our conclusion that no non-frivolous argument regarding sentencing excessiveness based upon an alleged failure of the prison system to provide for his medical needs will lie under the circumstances of this case. If, in fact, Gnacinski is being denied the care to which he is entitled, his complaint properly lies with the Department of Corrections. He should present the issue in due course to the appropriate administrative body or the Pennsylvania Commonwealth Court in the first instance. On the record before us, we may not grant the stay requested. Gnacinski's "Motion to Stay Proceedings" hereby is denied.

Judgment of sentence affirmed. Darrel Vandeveld's petition to withdraw as counsel granted. Emily Merski's petition to withdraw as counsel granted.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/31/2014