**COMMONWEALTH of Pennsylvania,**
**Appellee**

v.

**Russell Edwin FOLK, Appellant.**

Superior Court of Pennsylvania.

Submitted Jan. 17, 2012.

Filed March 9, 2012.

Russell E. Folk, appellant, pro se.

Jonathan H. Kurland, Assistant District Attorney, Reading, for Commonwealth, appellee.

BEFORE: MUSMANNO, WECHT, and PLATT*, JJ.

OPINION BY PLATT, J.:

Appellant, Russell Edwin Folk, appeals *pro se* from the trial court's order denying by operation of law his motion for modifi-

* Retired Senior Judge assigned to the Superior Court.

cation of sentence due to an alleged terminal illness. We affirm.

On May 6, 1998, a jury convicted Appellant of two counts of rape, three counts of involuntary deviate sexual intercourse, one count of sexual assault, three counts of indecent assault, one count of endangering the welfare of a child, and one count of corrupting a minor. Appellant's convictions stemmed from charges that he sexually abused his eight-year-old grandson over a period of two years. On June 26, 1998, the court sentenced Appellant to a term of five to twenty years' imprisonment on the rape charge, and consecutive terms of six months to five years on the endangerment and the corruption of minors charges, with the remaining charges merging for sentencing purposes for an aggregate sentence of six to thirty years' imprisonment. (*See* N.T. Sentencing, 6/26/98, at 16–18). This Court affirmed the judgment of sentence on July 9, 1999. (*See Commonwealth v. Folk*, No. 1159 Harrisburg 1998, unpublished memorandum at 8, 742 A.2d 1143 (Pa.Super. filed July 9, 1999)).

Appellant subsequently filed a counseled petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa. C.S.A. §§ 9541–9546, which the PCRA court denied on September 26, 2000. This Court affirmed the denial, and our Supreme Court thereafter denied his petition for allowance of appeal. (*See Commonwealth v. Folk*, 792 A.2d 613 (Pa.Super.2001) (unpublished memorandum), *appeal denied*, 569 Pa. 700, 805 A.2d 520 (2002)).

On April 26, 2010, Appellant filed a *pro se* motion for modification of sentence pursuant to 61 P.S. § 81, alleging symptoms of an unspecified terminal illness and requesting that his sentence be modified to time served. The motion was denied by operation of law, and the clerk of courts entered an order to this effect on November 16, 2010.[1] Appellant timely appealed.[2]

Appellant raises one question for our review:

1. Did the trial court abuse its discretion by denying [Appellant]'s request for relief by a modification of sentence pursuant to 61 Pa.C.S. [sic] § 81 due to [Appellant]'s terminal illness, *i.e.* compassionate relief or mercy?

(Appellant's Brief, at 4).

■ Preliminarily, we note that, effective October 13, 2009, 61 P.S. § 81 was replaced by 42 Pa.C.S.A. § 9777.[3] *See* Act

1. In our view, the court inappropriately disposed of this case under Rule of Criminal Procedure 720(B) which provides, in part: "[T]he judge shall decide the post-sentence motion, including any supplemental motion, within 120 days of the filing of the motion. If the judge fails to decide the motion within 120 days, ... the motion shall be deemed denied by operation of law." Pa.R.Crim.P. 720(B)(3)(a). Thereafter, "[w]hen a post-sentence motion is denied by operation of law, the clerk of courts shall forthwith enter an order on behalf of the court ... that the post-sentence motion is deemed denied. This order is not subject to reconsideration." Pa. R.Crim.P. 720(B)(3)(c).

2. Appellant filed a notice of appeal on December 2, 2010, and the court ordered him to submit a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) on December 8, 2010. Appellant timely complied *pro se* on December 28, 2010, and the trial court entered its Pa.R.A.P. 1925(a) opinion on January 5, 2011.

3. Act 61 originally provided, in its entirety:

**Illness of prisoner; removal for treatment.** Whenever any convict or person is confined in any jail, workhouse, reformatory, or reform or industrial school, penitentiary, prison, house of correction or any other penal institution, under conviction or sentence of a court, or is so confined while awaiting trial or confined for any other reason or purpose and it is shown to a court of record by due proof that such convict or person is seriously ill, and that it is necessary that he

33 of Aug. 11, 2009, P.L. No. 147, No. 33, § 4. The new statute changed the requirements a prisoner must meet in order to be removed from prison for medical treatment by establishing **all** seven factors by clear and convincing proof. *See* 42 Pa. C.S.A. § 9777(a)(1). Section 9777 became effective six months before Appellant filed the motion underlying the instant appeal. Therefore, we are bound to apply the statutory law of our Commonwealth as it stands in the resolution of Appellant's claim, and accordingly, we review Appellant's petition under 42 Pa.C.S.A. § 9777.[4]

Under the original statute, when examining a challenge to the trial court's denial of a petition pursuant to 61 P.S. § 81, the relevant standard and scope of review were as follows: "The appellate court will review the trial court's decision for an error of law. As with all questions of law, the appellate standard of review is *de novo* and the appellate scope of review is plenary." *Commonwealth v. Kositi*, 880 A.2d 648, 652 (Pa.Super.2005) (quoting *In re: Private Criminal Complaint of Wilson*, 879 A.2d 199, 214 (Pa.Super.2005) (*en banc* )).

Under the current statute, an inmate may petition the sentencing court for temporary transfer to a hospital, long-term care nursing facility or hospice care location pursuant to 42 Pa.C.S.A. § 9777, which provides, in relevant part:

**§ 9777. Transfer of inmates in need of medical treatment.**

**(a) Inmates committed to custody of department.**—If an inmate is committed to the custody of the department, the department, the inmate or a person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court to temporarily defer service of the sentence of confinement and temporarily remove the inmate committed to the custody of the department, or other facility, for placement in a hospital, long-term care nursing facility or hospice care location. The following shall apply:

(1) The sentencing court may approve the petitioner's request to temporarily defer service of the sentence of confinement and place the inmate in a hospital or long-term care nursing facility under electronic monitoring by the department upon clear and convincing proof that all of the following apply:

(i) The medical needs of the inmate can be more appropriately addressed in the hospital or long-term care nursing facility.

(ii) The hospital or long-term care nursing facility requested by the peti-

---

or she be removed from such penal institution, the court shall have power to modify its sentence, impose a suitable sentence, or modify the order of confinement for trial, as the case may be, and provide for the confinement or care of such convict or person in some other suitable institution where proper treatment may be administered. Upon the recovery of such person, the court shall recommit him or her to the institution from which he or she was removed. *Commonwealth v. Reefer*, 816 A.2d 1136, 1140 (Pa.Super.2003), *appeal denied*, 574 Pa. 759, 831 A.2d 599 (2003) (quoting 61 P.S. § 81). Act 61 was amended by Act 84 of Sept. 25, 2008, P.L. No. 1062, No. 84, § 1 (effective Nov. 24, 2008), which was then repealed and

replaced by Act 33 of Aug. 11, 2009, P.L. No. 147, No. 33, § 4 (effective Oct. 13, 2009).

4. We note that Appellant's claim is not contemplated under the PCRA. Appellant seeks a transfer or sentence modification to meet alleged medical needs; his petition does not challenge the propriety of his conviction or sentence, nor does he request relief available under the PCRA. *See* 42 Pa.C.S.A. §§ 9541–9546. Therefore, his petition is not subject to the eligibility requirements or time constraints imposed by the PCRA. *See Commonwealth v. Deaner*, 779 A.2d 578, 580 (Pa.Super.2001).

tioner has agreed to accept the placement of the inmate and to provide necessary medical care.

(iii) The inmate is seriously ill and is expected by a treating physician to not live for more than one year.

(iv) There are no writs filed or detainers lodged against the inmate and the inmate is not subject to any court order requiring the inmate's presence.

(v) The placement in the hospital or long-term care nursing facility does not pose an undue risk of escape or danger to the community. In making this determination, the sentencing court shall consider the inmate's institutional conduct record, whether the inmate was ever convicted of a crime of violence, the length of time that the inmate has been imprisoned and any other factors the sentencing court deems relevant.

(vi) The hospital or long-term care nursing facility has agreed to notify the department and the court of any material changes in the health status of the inmate, the nature of the care provided or other information required by the department.

(vii) Each agency representing the Commonwealth at a proceeding which resulted in an order committing or detaining the inmate, the State or local correctional facility housing the inmate and any registered crime victim have been given notice and an opportunity to be heard on the petition.

42 Pa.C.S.A. § 9777(a)(1)(i)-(vii).

In construing the enactments of the legislature, appellate courts must refer to the provisions of the Statutory Construction Act. In determining the meaning of a statute, we are obliged to consider the intent of the legislature and give effect to that intention. The object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. Every statute shall be construed, if possible, to give effect to all its provisions. *Reefer, supra* at 1141 (citations and quotation marks omitted). "When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit." 1 Pa.C.S.A. § 1921(b). "When the words of a statute are not explicit, the intention of the General Assembly may be ascertained by considering, among other matters: ... [t]he former law, if any, including other statutes upon the same or similar subjects." *Id.* at 1921(c)(5).

■ The original version of 61 P.S. § 81 established that the sentencing court "**shall** have power to modify its sentence," thus inviting appellate review under an error of law standard. *Reefer, supra* at 1140 (quoting 61 P.S. § 81) (emphasis added); *see also Kositi, supra* at 651–52. The current statute, 42 Pa.C.S.A. § 9777, now provides that "[t]he sentencing court **may** approve the petitioner's request ... upon clear and convincing proof that all of the following apply...." 42 Pa.C.S.A. § 9777(a)(1) (emphasis added). Pursuant to the Statutory Construction Act, and having considered the former and current forms of the law, we conclude that the legislature has vested discretion in the sentencing court to dispose of a petition under 42 Pa.C.S.A. § 9777. Therefore, we shall review the sentencing court's denial of the petition for transfer of an inmate in need of medical treatment for an abuse of discretion.

"An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Commonwealth v.*

*Travaglia,* 28 A.3d 868, 873–74 (Pa.2011) (citation and internal quotation marks omitted).

■ Here, Appellant asserts that the trial court denied his due process rights by denying his petition without a hearing. (*See* Appellant's Brief, at 6).[5] However, Appellant has failed to state a *prima facie* claim for relief under 42 Pa.C.S.A. § 9777(a)(1). A review of Appellant's petition for modification of sentence indicates that he has failed to provide clear and convincing evidence that he has met the requirements of section 9777(a)(1). Notably, his petition does not identify a hospital or long-term care nursing facility which has agreed to accept his placement, 42 Pa.C.S.A. § 9777(a)(1)(ii), nor has he provided the opinion of a treating physician that he is not expected to live more than one year, *id.* at § 9777(a)(1)(iii). (*See* Petition for Sentence Modification, 4/26/10, at 3–5). In fact, he has provided no medical documentation of his alleged condition. (*See id.*).

Furthermore, the sentencing court noted in its Rule 1925(a) opinion that Appellant's conviction and institutional conduct record, among other factors, contributed to its finding that transfer was not appropriate pursuant to 42 Pa.C.S.A. § 9777(a)(1)(v). Specifically, the court determined that Appellant's release would pose an undue risk of danger to the community. (*See* Sentencing Court Opinion, 1/05/11, at 2). Accordingly, the court took no action and permitted the petition to be denied by operation of law. (*Id.* at 3).

■ Finally, the relief requested by Appellant is not provided by section 9777. Appellant wishes "to spend his last days with his loving family and relieve the bur-

den of costs from the Department of Corrections and the State of Pennsylvania[.]" (Appellant's Brief, at 12). However, section 9777 only contemplates permitting prisoners "to temporarily defer service of the sentence of confinement and temporarily remove the inmate committed to the custody of the department, or other facility, for placement in a hospital, long-term care nursing facility or hospice care location." 42 Pa.C.S.A. § 9777(a). Therefore, modification of Appellant's sentence to release him to his family is beyond the scope of relief for which section 9777 provides.

■ Section 9777 requires "clear and convincing proof" that all seven enumerated factors have been satisfied before a sentencing court may approve a petitioner's request for relief. 42 Pa.C.S.A. § 9777(a)(1). Therefore, we can discern no abuse of discretion by the court in denying Appellant's petition without a hearing where he failed to plead or prove at least three of these factors. *See Travaglia, supra* at 873–74. Accordingly, Appellant's issue is without merit.

Order affirmed.

---

**5.** Because we dispose of Appellant's issue on non-constitutional grounds, we need not address Appellant's due process claim. *Com-*

*monwealth v. Baker,* 547 Pa. 214, 690 A.2d 164, 165 (1997).