J-A07033-25

2025 PA Super 192

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| MICHAEL BARTO | : | |
| | : | |
| Appellant | : | No. 1276 MDA 2024 |

Appeal from the Order Entered August 13, 2024
In the Court of Common Pleas of Schuylkill County
Criminal Division at No:  CP-54-CR-0001575-2021

BEFORE:  BOWES, J., OLSON, J., and STABILE, J.

OPINION BY STABILE, J.:                    **FILED SEPTEMBER 02, 2025**

Appellant, Michael Barto, appeals from the August 13, 2024, order denying his petition for a transfer from prison to hospice care pursuant to 42 Pa.C.S.A. § 9777.  We affirm.

On August 15, 2023, Appellant was sentenced to 8 to 16 years of incarceration after a jury found him guilty of 33 counts of viewing, possessing, or controlling child sexual abuse material.  18 Pa.C.S.A. § 6312(d).  In response to Appellant's post-sentence motion alleging serious health concerns, the trial court, on March 13, 2024, amended the sentence to 6 to 12 years of incarceration followed by 7 years of probation.  Appellant filed the instant petition on July 3, 2024.  The trial court conducted a hearing on August

6, 2024, and entered the order on appeal on August 12, 2024.[1]  This timely appeal followed.

Appellant argues that the trial court abused its discretion in denying his petition because (1) Appellant, given his health condition, is unable to walk or run; (2) Appellant's failure to attend sex offender therapy in prison is due to his health condition rather than his willful failure to do so; (3) Appellant has had no disciplinary issues while in prison; (4) § 9777 was enacted to allow terminally ill patients to die in hospice rather than in prison, as the Pennsylvania prison system does not offer hospice care; and (5) the trial court should not have turned the § 9777 hearing into a sentencing hearing by seeking Appellant's acceptance of responsibility for his crimes.  Appellant's Brief at 4-5.

We begin with the relevant statutory language:

**§ 9777.  Transfer of inmates in need of medical treatment**

(a) Inmates committed to custody of department.--If an inmate is committed to the custody of the department, the department, the inmate or a person to whom the court grants standing to act on behalf of the inmate may petition the sentencing court to temporarily defer service of the sentence of confinement and temporarily remove the inmate committed to the custody of the department, or other facility, for placement in a hospital, long-term care nursing facility or hospice care location.  The following shall apply:

[…]

---

[1]  The record reflects that the Schuylkill County Clerk of Court's office time stamped the order on August 13, 2024.

(2) The sentencing court **may** approve the petitioner's request to temporarily defer service of the sentence of confinement in order for the inmate to receive care from a licensed hospice care provider, proposed by the petitioner and subject to electronic monitoring by the department, **if all of the following are established by clear and convincing proof**:

(i) The inmate is terminally ill, not ambulatory and likely to die in the near future.

(ii) The licensed hospice care provider can provide the inmate with more appropriate care.

(iii) Appropriate medical care and palliative and supportive services will be provided by the licensed hospice care provider at the proposed hospice care location.

(iv) The placement of the inmate in the proposed, licensed hospice care location does not pose an undue risk of escape or danger to the community. In making this determination, the sentencing court shall consider the inmate's institutional conduct record, whether the inmate was ever convicted of a crime of violence, the length of time that the inmate has been imprisoned and any other factors the sentencing court deems relevant.

(v) The licensed hospice care provider has agreed to notify the department and the sentencing court of any material changes in the health status of the inmate, the nature of the hospice care provided or other information required by the department or the sentencing court.

(vi) Each agency representing the Commonwealth at a proceeding which resulted in an order committing or detaining the inmate, the State or local correctional facility housing the inmate and any registered crime victim have been given notice and an opportunity to be heard on the petition.

42 Pa.C.S.A. § 9777(a)(2).

"Clear and convincing evidence is that which is so clear, direct, weighty and convincing as to enable the trier of fact to come to a clear conviction, without hesitance, of the truth of the precise facts in issue." *In re A.M.*, 256

J-A07033-25

A.3d 1263, 1270 (Pa. Super. 2021) (interior quotation marks omitted). Because the statute provides that a trial court "may" approve a request, the trial court has discretion to release an inmate to hospice care if the inmate establishes the six subsections of § 9777(a)(2). The statute does not require the trial court to order relief. We therefore review the trial court's decision under § 9777 for an abuse of discretion. *Commonwealth v. Folk*, 40 A.3d 169, 173 (Pa. Super. 2012), *appeal denied*, 50 A.3d 691 (Pa. 2012). "An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.*

In *Folk*, the defendant was convicted of the sexual assault of his 8-year-old grandson. The trial court denied the defendant's petition under § 9777(1),[2] finding, based on the defendant's conviction and institutional record, that his release posed an undue risk to the community. *Id.* at 174.

Appellant cites *Commonwealth v. Bill*, Nos. 963 and 964 MDA 2020, 2021 WL 37553 (Pa. Super. Jan. 5, 2021), an unpublished memorandum in which the defendant pled guilty to the sexual assault of a minor.[3] He sought release under § 9777(a)(2) after amyotrophic lateral sclerosis ("ALS")

---

[2] Section 9777(1) governs transfer to a hospital or long-term care facility.

[3] Our Rules of Appellate Procedure permit citation of non-precedential decisions filed after May 1, 2019, for their persuasive value. Pa.R.A.P. 126(b).

- 4 -

rendered him unable to move half of his body. *Id.* at \*1. In **Bill**, as here, the trial court expressed concerns about danger to the community. The defendant's proposed residence was only six blocks from the home of the victim, who testified that she was traumatized upon notice of the defendant's release petition. *Id.* at \*3-\*4. The trial court denied release because of the emotional impact it would likely have on the victim. This Court, citing **Folk**, found no abuse of discretion on the part of the trial court.

Appellant distinguishes **Bill** because of the "very strenuous and vocal victim outcry." Appellant's Brief at 43. He argues that **Folk** is distinguishable because of the defendant's failure to produce evidence of his medical condition. These arguments ignore the similarities that **Bill** and **Folk** bear to the instant case, and they ignore the statutory language permitting the trial court to deny release even if the defendant produces clear and convincing evidence of the presence of all statutory factors. This case is similar to **Folk** and **Bill** in that in both of those cases the courts relied in part on the risk to the community of permitting the release of an inmate convicted of the sexual abuse of an underage victim. As the trial court noted instantly, Appellant possessed pictures of children being forced to do horrible things. Despite Appellant's physical condition, he would still be capable of accessing child pornography on an electronic device. Thus, unlike the defendant in **Bill**, Appellant's ability to recommit the offense for which he was convicted is unaffected by his current physical limitations.

In the trial court's words:

> While physically, Appellant cannot be a flight risk or pose physical danger to the community, the nature of his crimes poses a risk in a different manner. Appellant was convicted of possessing child pornography that was in his possession for decades, passed from one electronic device to another as time went on. Even if this Court places a condition on his release that he not have access to electronics, it would be extremely [difficult], if not impossible, to enforce. Hospice workers are not parole officers. Appellant was skilled in hiding these photographs and videos for decades before being caught. The court does not feel confident that society would be protected by Appellant's release, because of the ease in which Appellant could continue to commit this crime, despite his health conditions.

Trial Court Opinion, 9/26/24, at 2.

Further, we are unpersuaded by Appellant's attempt to distinguish **Bill** because **Bill** involved a single, identifiable victim who would be living near Appellant at the proposed location of his release. As noted above, the children depicted in pornographic photos are potential victims if Appellant is released and reoffends. The absence of "strenuous and vocal victim outcry" from a specific victim is therefore unavailing. And regardless of Appellant's protestations that the trial court misunderstood or disregarded Appellant's expression of remorse for his crimes, the trial court was free to weigh Appellant's decades-long habit of collecting child pornography more heavily than Appellant's self-serving testimony and his promises not to reoffend. The trial court noted Appellant's failure to take sex offender courses while in prison and, despite Appellant's claims to the contrary, the prison warden testified

that sex offender treatment was available to him while in the prison infirmary. N.T. Hearing, 8/6/24, at 30.

Based on all the foregoing, we discern no abuse of discretion in the trial court's decision to deny Appellant's petition for release.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/02/2025