J-A07026-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
RANDALL SCOTT SHREINER :
:
Appellant : No. 1288 MDA 2025

Appeal from the Order Entered September 10, 2025
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s): CP-36-CR-0001172-2015

BEFORE: BOWES, J., DUBOW, J., and NEUMAN, J.

MEMORANDUM BY DUBOW, J.: **FILED: APRIL 20, 2026**

Appellant, Randall Scott Shreiner, appeals from the September 10, 2025, order entered in the Lancaster County Court of Common Pleas denying Appellant's mercy release petition pursuant to 42 Pa.C.S. § 9777. Appellant asserts that the sentencing court erred when it denied the petition without a hearing. After careful review, we affirm.

The relevant facts and procedural history are as follows. On June 5, 2015, Appellant entered a guilty plea to, *inter alia*, first-degree murder and the court sentenced him to life without parole and a consecutive sentence of two to seven years of incarceration.

On July 30, 2025, Appellant filed an emergency petition for release pursuant to 42 Pa.C.S. § 9777(a)(2), requesting release to his wife's home to receive hospice care due to stage five chronic kidney disease. Attached to the petition were notes from Appellant's doctor, in which the doctor stated that

Appellant is in renal failure and needs dialysis to survive, without which Appellant has a life expectancy of less than one year. The doctor also stated that Appellant has "repeatedly refused" dialysis. Petition, 7/30/25, Ex. A. The doctor's assessment also categorized Appellant as "ambulatory" and stated that Appellant could eat, bathe, and dress independently. *Id.*

Appellant also attached to his petition a one-sentence email from a representative at Heartland Hospice indicating that the organization "will be able to accept" Appellant. *Id.* at Ex. C. Appellant averred in his petition that he would not leave his wife's home without the court's prior permission except for "off-site medical care visits as deemed appropriate by Heartland Hospice and/or religious services or caregiver emergencies." *Id.* at ¶ 12.

The Commonwealth filed a response to Appellant's petition stating that dialysis was available to Appellant in the correctional system and stating that the Lancaster County Office of the District Attorney and the victim's surviving family members opposed Appellant's petition.

On September 4, 2024, the sentencing court dismissed the petition without a hearing after finding that Appellant had failed to make a *prima facie* claim for relief.

This appeal followed. The sentencing court did not order, and Appellant did not file, a Pa.R.A.P. 1925(b) statement.

Appellant raises the following issues for our review:

[1] Did the [sentencing court] err and abuse [its] discretion and violate the right of due process under the Fourteenth Amendment in not providing a hearing for [Appellant] on the issues of his

mercy release request pursuant to 42 Pa.C.S. § 9777 and in denying the mercy release request?

[2] Did [the sentencing court] further err and abuse [its] discretion in relying on [] **Commonwealth v. Folk**, 40 A.3d 169 (Pa. Super. [] 2012) as his basis for not providing a hearing since **Folk** involved a sentencing and no hospice, medical reports, etc. were presented?

[3] Did [the sentencing court] deny fundamental due process pursuant to the Fourteenth Amendment of the United States Constitution and abuse his discretion, by unfairly not providing [Appellant] any hearing on his mercy release due to his terminal kidney disease, where the doctors in June of 2025 have estimated his life expectancy is less than one year?

[4] Further, did [the sentencing court] err in not providing a hearing since [Appellant's counsel] was prepared to present medical testimony that [Appellant], who was 68 years old, was terminally ill, that the illness was kidney disease, he has less than one year to live as of June of 2025, that he is not ambulatory, and a hospice was retained to provide appropriate care, and the state prison system has no licensed hospice?

[5] Finally, did [the sentencing court] err and was there a gross abuse of discretion in denying the [p]etition because [Appellant] had refused kidney dialysis which he has every right to do?

Appellant's Br. at 5-6.[1]

Appellant asserts that the sentencing court denied his mercy release petition primarily because of the nature of Appellant's crime, rather than the factors set forth in the mercy release statute. *Id.* at 26. Appellant argues that he should have been afforded a hearing in order "to present evidence on all those conditions set forth in the statute" and "examine victims." *Id.* at 28,

---

[1] In his statement of questions involved, Appellant presents these five questions as one compound question and does not divide the argument section of his brief into parts. Accordingly, we proceed to address all of Appellant's questions together as a general argument that the sentencing court erred in denying Appellant's petition without a hearing.

31. Appellant also asserts that he has an absolute right to refuse the dialysis treatment offered by the corrections system even if that treatment would improve his prognosis and make him ineligible for mercy release. *Id.* at 33-34.

We review the sentencing court's denial of a mercy release petition for an inmate in need of medical treatment for an abuse of discretion. ***Commonwealth v. Folk***, 40 A.3d 169, 173 (Pa. Super. 2012). "An abuse of discretion will not be found merely because an appellate court might have reached a different conclusion, but requires a result of manifest unreasonableness, or partiality, prejudice, bias, or ill-will, or such lack of support so as to be clearly erroneous." *Id.* at 173-74 (citation omitted).

Appellant filed his emergency petition for release pursuant to 42 Pa.C.S. § 9777(a)(2), which provides that a sentencing court:

> **may approve** the petitioner's request to temporarily defer service of the sentence of confinement in order for the inmate to receive care from a licensed hospice care provider, proposed by the petitioner and subject to electronic monitoring by the department, **if all of the following are established by clear and convincing proof**:
>
>> (i) The inmate is terminally ill, not ambulatory and likely to die in the near future.
>>
>> (ii) The licensed hospice care provider can provide the inmate with more appropriate care.
>>
>> (iii) Appropriate medical care and palliative and supportive services will be provided by the licensed hospice care provider at the proposed hospice care location.
>>
>> (iv) The placement of the inmate in the proposed, licensed hospice care location does not pose an undue risk of escape or danger to the community. In making this determination, the sentencing

court shall consider the inmate's institutional conduct record, whether the inmate was ever convicted of a crime of violence, the length of time that the inmate has been imprisoned and any other factors the sentencing court deems relevant.

(v) The licensed hospice care provider has agreed to notify the department and the sentencing court of any material changes in the health status of the inmate, the nature of the hospice care provided or other information required by the department or the sentencing court.

(vi) Each agency representing the Commonwealth at a proceeding which resulted in an order committing or detaining the inmate, the State or local correctional facility housing the inmate and any registered crime victim have been given notice and an opportunity to be heard on the petition.

42 Pa.C.S. § 9777(a)(2) (emphasis added).

Relevant to this appeal, where a petition fails to satisfy every prong of Section 9777(a)(2), the court may deny the petition without a hearing for failure to state a *prima facie* case for relief. *Folk*, 40 A.3d at 174.[2]

In its opinion, the sentencing court set forth in detail the ways in which Appellant's mercy release petition was insufficient to set forth a *prima facie* claim for relief under each prong of Section 9777(a)(2). The court found that Appellant "has not attached sufficient medical documentation to show that his

---

[2] Appellant attempts to distinguish *Folk* by asserting that while Folk provided no documentation of his medical condition and did not identify a placement, here, Appellant did do so in his petition. Appellant's Br. at 35-36. However, the *Folk* court made the more general conclusion that it was not an abuse of discretion for the sentencing court to deny a mercy release petition "without a hearing where [the petitioner] failed to plead or prove" several Section 9777 factors in his petition. *Folk*, 40 A.3d at 174. Appellant similarly failed to plead and prove several of the Section 9777 factors and, thus, we find *Folk* directly on point.

condition, which his physician described as treatable with dialysis, qualifies as terminal" and that Appellant's "records directly refute his claim that he is essentially bedridden [as h]is providers categorize [Appellant] as 'ambulatory'[.]" Trial Ct. Op., 9/4/25, at 7.

The court found that Appellant provided no support for his claim that "hospice would have much superior care" because dialysis is also available to Appellant in the correctional system. *Id.* at 8. The court found that Appellant "makes no mention of whether dialysis is available from his proposed hospice care" and otherwise failed to show that appropriate care would be provided at the hospice location. *Id.*

The court also noted that "Heartland Hospice's acceptance email provides no information about the organization's reporting practices or capacity to satisfy statutory reporting obligations." *Id.* at 10. The court concluded that Appellant's placement at his wife's home, an unsecured location, combined with his propensity for violence, magnified his risk of escape and posed a danger to the community. *Id.* at 9-10.

We conclude that the sentencing court did not err or abuse its discretion in denying Appellant's petition without a hearing. While Appellant asserts that he would have presented evidence to support each statutory prong at a hearing, that is of no moment. Appellant did not include essential information in the petition itself, including: 1) a medical professional's conclusion that Appellant was "not ambulatory" as required by Subsection 9777(a)(2)(i), 2)

information about the availability of dialysis in the correctional system or the type of care that would be provided in hospice as required by Subsection 9777(a)(2)(ii) and (iii), and 3) the hospice provider's ability to meet notification requirements as required by Subsection 9777(a)(2)(v). **See** 42 Pa.C.S. § 9777(a)(2)(i)-(iii), (v). As the petition failed to state a *prima facie* case for relief, the court did not abuse its discretion when it denied the petition without a hearing. **See Folk**, 40 A.3d at 174.

Moreover, based on the petition alone, the sentencing court concluded that placement in Appellant's wife's home magnified his risk of escape in contravention of Subsection 9777(a)(2)(iv). **See** 42 Pa.C.S. § 9777(a)(2)(iv). We conclude that the trial court did not err or abuse its discretion in finding that the proposed placement posed a danger to the community considering the nature of Appellant's crime—the murder of a paramour that he committed while residing with his wife—and Appellant's assertion that he would be free to leave his wife's home for "religious services or caregiver emergencies." **See** Petition at ¶ 12. As Appellant was required to establish **all** prongs of Section 9777(a)(2) to obtain relief and failed to do so, the court did not err in denying Appellant's petition without a hearing.

We, therefore, affirm the order denying Appellant's mercy release petition.

Order affirmed.

Judgment Entered.

_Benjamin D. Kohler_

Benjamin D. Kohler, Esq.
Prothonotary

Date: 4/20/2026